# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

WILLIE FUDGE, JR.,

    Petitioner,

vs.                                      Case No. 4:12cv511-RH/CAS

MICHAEL D. CREWS, Secretary
of Florida Department of Corrections,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On September 27, 2012, Petitioner Willie Fudge, Jr., proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a supporting memorandum. Docs. 1 and 2. Petitioner challenges his judgment and sentence imposed by the Third Judicial Circuit Court, Madison County, on November 25, 2003, following a jury verdict of guilty on charges of first degree murder, robbery with a firearm, kidnaping with a firearm, and burglary with a firearm. *See* Doc. 1 at 3; Doc. 17 Ex. C at 1081. On June 13, 2013, Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits, and alternatively, an answer to the petition for writ of habeas corpus. Doc. 17 Ex. A-S.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

By grand jury indictment in January 2002, the State of Florida charged Petitioner with four counts in connection with events that took place on December 9, 2001: (1) murder in the first degree, contrary to sections 782.04(1)(a)1. and 775.087, Florida Statutes; (2) robbery while armed with a firearm, contrary to section 812.13(2)(a), Florida Statutes; (3) kidnaping while armed, contrary to sections 787.01(3)(a)1 and 775.087, Florida Statutes; and (4) burglary while armed, contrary to section 810.02, Florida Statutes. Doc. 17 Ex. C at 1096-97. Petitioner proceeded to trial and, on November 6, 2003, a jury returned a verdict of guilty as charged on all counts. Doc. 17 Ex. C at 1075. The circuit court sentenced Petitioner on November 25, 2003, to concurrent terms of life on Counts I, II, and III, and thirty years in prison on Count IV. *Id.* at 1092-93. Petitioner timely appealed his judgment and sentence to the First District Court of Appeal (DCA). Doc. 17 Ex. G. On September 27, 2005, the First DCA per curiam affirmed the case without opinion. Doc. 17 Ex. G; Fudge v. State, 911 So. 2d 1237 (Fla. 1st DCA 2005) (table). The mandate issued October 14, 2005. Doc. 17 Ex. H; online docket for case number 1D03-5373 at www.1dca.org. Petitioner had

ninety days from the issuance of the decision in which to file a petition for certiorari review with the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. Because Petitioner did not appeal, his conviction became final on December 26, 2005.

On December 20, 2006, Petitioner filed a motion to vacate the judgment and sentence, pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 17 Ex. J at 1. On August 29, 2007, the circuit court denied Petitioner's motion on its merits. *Id.* at 44. Petitioner filed a notice of appeal on September 11, 2007, Doc. 17 Ex. J at 89, and an appellate brief on November 15, 2007, Doc. 17 Ex. K. The First DCA per curiam affirmed the case without opinion on September 29, 2008. Doc. 17 Ex. M; Fudge v. State, 995 So. 2d 956 (Fla. 1st DCA 2008) (table). Petitioner filed a motion for rehearing on October 24, 2008. *See* online docket for case number 1D08-1907 at www.1dca.org. On December 1, 2008, the First DCA denied Petitioner's motion for rehearing. Doc. 17 Ex. N. The mandate issued on December 17, 2008. Doc. 17 Ex. O.

On February 9, 2009, Petitioner filed a motion to correct illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800. Doc. 17 Ex. Q at 1. The circuit court denied the motion on October 13, 2011. *Id*. at 6. On November 3, 2011, Petitioner appealed the denial to the First DCA. *Id*. at 8. The First DCA per curiam affirmed the case without opinion on February 29, 2012. Doc. 17 Ex. R; Fudge v. State, 81 So. 3d 419 (Fla.1st DCA 2012) (table). The mandate issued on March 27, 2012. Doc. 17 Ex. S; online docket for case number 1D11-6038 at www.1dca.org.

As indicated above, Petitioner filed his § 2254 petition and supporting

memorandum in this Court on September 27, 2012. Docs. 1 and 2. Petitioner asserts that he was denied his constitutional right to a fair trial, because he was incompetent to stand trial. *Id.* On June 13, 2013, Respondent filed a motion to dismiss the § 2254 petition as untimely and, alternatively, an answer to Petitioner's filings. Doc. 17. Petitioner has not filed a reply to the motion to dismiss, although given the opportunity to do so. *See* Doc. 16.

## Analysis

### 1. § 2254 Petition is Untimely

Respondent's argument regarding the timeliness of the § 2254 petition is well-taken. Petitioner's § 2254 petition may be dismissed as barred by the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1).

The AEDPA one-year limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* at § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* at § 2244(d)(2).

In this case, as indicated above, Petitioner was sentenced on November 25, 2003, Doc. 17 Ex. C, and the First DCA per curiam affirmed the case on September 27, 2005, Doc. 17 Ex. G. Petitioner's conviction became final on December 26, 2005, ninety days after the First DCA denied rehearing, when the time for seeking certiorari review in the U.S. Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. Therefore, absent any tolling, Petitioner had until December 26, 2006, to file his federal habeas corpus petition.

Petitioner's one-year limitations period began on December 26, 2005, and continued to run until December 20, 2006, when Petitioner filed a Rule 3.850 motion. Doc. 17 Ex. J at 1. At this point, 359 days had passed in the one-year limitations period, and Petitioner had six days remaining in the limitations period in which to file his § 2254 petition. The Rule 3.850 motion tolled the AEDPA time until the First DCA issued its mandate on December 17, 2008. Doc. 17 Ex. O; Lawrence v. Florida, 549 U.S. 327, 332 (2007) ("After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. [. . .] The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete"). At this point, the AEDPA clock started again, with six days remaining in the limitations period, and ran until it expired on Tuesday, December 23, 2008. Although Petitioner subsequently filed motions in state court, those filings did not toll the limitations period because the limitations period had already expired. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that

§ 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, by the time Petitioner filed his § 2254 petition in this Court, Petitioner's one-year AEDPA period had expired.

Although Petitioner did not file a reply to Respondent's motion to dismiss, Petitioner did address the timeliness of his § 2254 petition in the petition itself. *See* Doc.1 at 9. In particular, Petitioner asserts that although his petition is untimely, it should be considered by this Court because he was incompetent to proceed at the time of his trial. *See id.* To the extent that Petitioner is asserting entitlement to equitable tolling, this argument should be rejected. Petitioner bears the burden of establishing entitlement to this remedy. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). Petitioner has failed to demonstrate his entitlement to equitable tolling, or application of any other exception to the time bar.

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

"Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Petitioner has failed to establish a "causal connection" between his claims of incompetence and the untimeliness of his § 2254 petition. *See* Lawrence, 549 U.S. at 337 (holding that petitioner made no factual showing of mental incapacity and therefore "[fell] far short of showing 'extraordinary circumstances' necessary to support equitable tolling"); *see also* Fox v. McNeil, 373 F. App'x. 32, 34 (11th Cir. 2010) (holding that petitioner failed to establish a causal connection between his alleged incompetence and the untimely filing of his § 2254 petition and therefore was not entitled to equitable tolling). Petitioner was able to file several pro se postconviction motions in state court, as well as his federal habeas corpus petition in this Court. *See id.* Petitioner has failed to demonstrate any "extraordinary circumstances" that would make equitable tolling appropriate for his petition. *See id.* Petitioner has not acted with diligence in filing this petition and, therefore, has failed to demonstrate why it should not be denied for untimeliness.

### 2. Claim of Incompetence to Stand Trial Lacks Merit

Even if the § 2254 petition is considered timely filed, Petitioner's assertion that the state trial court denied him his constitutional right to competently stand trial should be denied. The state circuit court specifically found Petitioner competent to stand trial based on a review of medical reports, testimony of medical professionals, and testimony of law enforcement officers. *See* Doc. 17 Ex. C at 83. Evidence in the record supports that determination. *Id*. at 5-83; Doc. 17 Ex. D at 2-33. Petitioner has not shown the state court's ruling resulted in a decision that was contrary to, or involved

an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)-(2); *see also* Cullen v. Pinholster, 131 S.Ct. 1388, 1403-04 (2011) (holding that a state court's determination was not unreasonable where defendant failed to rebut presumption of competence). Therefore, Petitioner is not entitled to relief, and this ground, if addressed on the merits, should be denied.

## Conclusion

Because the § 2254 petition is untimely, Respondent's motion to dismiss (Doc. 17) should be granted, and the § 2254 petition should be summarily dismissed. If addressed on the merits, the § 2254 petition should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App.

P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 17) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **SUMMARILY DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 17, 2013.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**